NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3169

IN RE APPLICATION OF RICHMOND.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Richmond*, Slip Opinion No. 2022-Ohio-3169.]**

*Attorneys—Character and fitness—Applications to register as a candidate for admission to the practice of law in Ohio and as a candidate to take the Ohio bar exam—Applicant failed to establish present character, fitness, and moral qualifications by clear and convincing evidence—Applications disapproved—Applicant permitted to reapply to register as a candidate for admission to the practice of law in March 2025.*

(No. 2022-0338—Submitted June 14, 2022—Decided September 13, 2022.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 811.

————————————

**Per Curiam.**

{¶ 1} Applicant, ReeJade Jenice-Diamon Richmond, of Westerville, Ohio, is a 2012 graduate of Western Michigan University Thomas M. Cooley Law School. Richmond applied to register as a candidate for admission to the Ohio bar and to take the July 2021 bar exam.

{¶ 2} Two members of the Columbus Bar Association Admissions Committee interviewed Richmond in June 2021, and the committee issued provisional and final reports recommending that her character and fitness be approved. The Board of Commissioners on Character and Fitness, however, invoked its authority, sua sponte, to investigate her character, fitness, and moral qualifications. *See* Gov.Bar R. I(12)(B)(2)(e). That investigation focused primarily on Richmond's dishonesty while in law school and her unauthorized practice of law in Michigan.

{¶ 3} After a three-member panel of the board conducted a hearing, the board issued a report recommending that Richmond's applications be disapproved and that she be permitted to reapply to register as a candidate for admission to the practice of law in Ohio no earlier than March 2025. No objections have been filed. For the reasons that follow, we adopt the board's recommendations.

## Facts

{¶ 4} In February 2012, Richmond sat for and failed the Texas bar exam. Subsequently, while enrolled in an LL.M. program at Cooley Law School, Richmond and other students in her class were discussing whether they had passed the bar and Richmond falsely stated that she had passed the Texas bar exam. One of the students later discovered that that was not true and reported Richmond to the dean.

{¶ 5} When questioned by the dean, Richmond continued to falsely represent that she had passed the Texas bar exam. The dean then instructed Richmond to obtain letters from people who could verify her claim that she had

passed the Texas bar exam. Richmond submitted letters that were purportedly written and signed by a Texas judge and by a Michigan attorney for whom she had worked during law school. However, an investigation revealed that Richmond had forged the letters. She was expelled from the LL.M. program in February 2013 for violating the school's honor code.

**{¶ 6}** At her character-and-fitness hearing, Richmond testified that after her expulsion, she started learning more about business structures and leadership. Around 2014, she started two Michigan corporations—the nonprofit "Leadership for Women" and the for-profit "Search for Her Existence." At first, Richmond focused on her nonprofit corporation, lining up sponsors and scheduling events to offer information and leadership training to minority women. She operated the nonprofit until 2017, when her declining health required her to scale back. Around that time, Richmond obtained a master's degree in organizational leadership from South University in Savannah, Georgia.

**{¶ 7}** Richmond testified that her focus then shifted to Search for Her Existence, which she described as a "business consulting firm." The company's website described Richmond as a "legal strategist." The accompanying text was deceptively written to strongly suggest—without actually stating—that Richmond was a licensed attorney. In fact, at her character-and-fitness hearing, Richmond more or less conceded that by holding herself out as a "legal strategist," she was inviting people to believe that she was, in fact, a licensed attorney.

**{¶ 8}** Through Search for Her Existence, Richmond accepted speaking engagements promoting a book that she had written about business formation and social-media plans for businesses. Richmond testified that she had obtained form contracts dealing with incorporation and copyright matters from an attorney and had then sold them to clients along with a series of how-to videos on the Search for Her Existence website.

{¶ 9} On at least four occasions in 2019, Richmond held herself out as a licensed attorney and/or provided legal services to people. For example, she helped a friend and someone she had met at a speaking engagement obtain copyrights for books they had written. She also helped another friend obtain a copyright for the content of a training course that the friend had developed. In addition, Richmond testified that she had negotiated terms of employment for a third friend and represented her in a related mediation. When asked to explain what she meant by negotiating her friend's terms of employment, Richmond stated that she had sent out a cease-and-desist letter on behalf of the friend and later represented that friend in a mediation related to that letter and that in each of those instances, she had held herself out as an attorney. Richmond testified that she had attempted to get an opinion from the Michigan Bar Association regarding her activities but that her request had been denied because she was not a member of the bar and no complaint had been filed against her.

{¶ 10} Later in 2019, Richmond's activities came to the attention of the Michigan Bar Association, which investigated her for engaging in the unauthorized practice of law. On January 10, 2020, Richmond signed an affidavit stating that she understood that holding herself out as being authorized to practice law in Michigan, preparing legal documents, and giving legal advice or assistance to any person regarding any legal matter when she was not licensed to do so constituted the unauthorized practice of law. She further averred that she would no longer engage in any of those activities unless and until she was admitted to practice in that state.

{¶ 11} In June 2020, just six months after signing that affidavit, Richmond engaged in another act of the unauthorized practice of law by filing a trademark application on behalf of another friend. She testified that she had known at the time that her conduct was wrong but explained that she had done it anyway because she had wanted to feel useful (she said she had been feeling useless because she

"couldn't do anything because of dialysis and having a special needs child") and she had wanted to help her friend, who could not afford to hire an attorney. Later in June 2020, Richmond notified the Michigan Bar Association that she had once again engaged in the unauthorized practice of law. In May 2021, she signed a stipulated order permanently enjoining her from engaging in the unauthorized practice of law in Michigan.

{¶ 12} During her character-and-fitness hearing, Richmond stated that she had been a disappointment to herself and others. She testified that she could not promise that she would never make a mistake again. She then said, "What I can say is that when I do make a mistake I will always hold myself accountable and deal with the consequences of my actions." Although Richmond was quick to state that she knows what she did was wrong, the board found that she showed little remorse for her actions, other than conceding that her behavior could have harmed others.

{¶ 13} The board found that from the time she graduated from law school in 2012 until mid-2021, Richmond conducted herself "in a manner that exemplifies the opposite of character and fitness to practice law." She lied to her husband, her family, and her friends, telling them that she had passed the Texas bar exam. When confronted with her lies, she lied to the dean of Cooley Law School, and she submitted forged documents in response to the resulting honor-code investigation, which led to her expulsion from the LL.M. program. She then engaged in the unauthorized practice of law in Michigan—and continued to engage in the unauthorized practice after executing an affidavit acknowledging her wrongdoing and agreeing to stop.

{¶ 14} On these facts, the board found that Richmond had failed to demonstrate that she currently possesses the character and fitness to practice law in Ohio. Given that she engaged in the unauthorized practice of law as recently as June 2021, the board recommended that she be prohibited from reapplying to

register as a candidate for admission to the practice of law in Ohio until March 2025.

## Disposition

{¶ 15} An applicant for admission to the bar bears the burden of proving by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio. Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others. Gov.Bar R. I(13)(D)(3).

{¶ 16} A record that manifests a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute grounds for disapproval. Gov.Bar R. I(13)(D)(3). The factors to be considered in making a recommendation as to an applicant's character, fitness, and moral qualifications include whether the applicant has (1) committed an act constituting the unauthorized practice of law, (2) violated the honor code of the applicant's law school or engaged in any other act of academic misconduct, (3) engaged in a pattern of disregard of the laws of this or any other state. *See* Gov.Bar R. I(13)(D)(3)(c), (d), and (f).

{¶ 17} Given Richmond's dishonesty in response to Cooley Law School's honor-code investigation, the recency of her unauthorized practice of law, and her knowing and unrepentant decision to continue engaging in the unauthorized practice of law after assuring the Michigan Bar Association that she would cease such conduct, we accept the board's finding that Richmond has failed to demonstrate her current character and fitness to practice law in Ohio.

{¶ 18} Accordingly, we deny Richmond's pending applications but permit her to reapply to register as a candidate for admission to the practice of law in Ohio in March 2025.

6

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

————————————

ReeJade Jenice-Diamon Richmond, pro se.

Schmidt Law, L.L.C., and Katarina V. Schmidt; and Bloomfield & Kempf, L.L.C., and Orsolya Hamar-Hilt, for the Columbus Bar Association.

————————————